```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
                                                                 :
YVELISSE CABRERA,                                                :
                                                                 :
                        Plaintiff,                               :
                                                                 :         22-cv-6349 (LJL)
                -v-                                              :
                                                                 :        MEMORANDUM &
ANYELISA REST. CORP d/b/a/ JUSTINE                               :            ORDER
RESTAURANT and RUBEN DICHARDO,                                   :
                                                                 :
                        Defendants.                              :
                                                                 :
-----------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/24/2023

LEWIS J. LIMAN, United States District Judge:

Plaintiff Yvelisse Cabrera ("Plaintiff") moves, pursuant to Federal Rule of Civil Procedure 26(d)(1), for an order permitting it to serve a subpoena for documents and testimony on the Justine Restaurant at 40 East 167th Street in the Bronx, New York, prior to the Defendant's answer in this case and in advance of a Rule 26(f) conference. Dkt. No. 39. In this case brought under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"), Plaintiff alleges that Defendants Anyelisa Restaurant Corporation d/b/a Justine Restaurant ("Justine"), and Ruben Dichardo (collectively, "Defendants") failed to pay her the overtime wages she was due for having worked on average 45–60 hours a week, failed to pay her minimum wage, and failed to issue her accurate wage notices and provide accurate wage statements. Dkt. No. 24. Plaintiff also seeks to be relieved from the obligation to file a motion for a default judgment by March 20, 2023, and to be permitted an extension of time to serve process. Dkt. No. 39. The motion is granted in part and denied in part.

Plaintiff's original complaint was filed on July 26, 2022. Dkt. No. 1. On October 19, 2022, affidavits of service were filed on the docket reflecting that service was made on the Defendants on September 17, 2022 by substitute service at 28 East 167th Street, in Bronx, New York. Dkt. Nos. 9–10. Defendants did not respond to the complaint and a certificate of default was entered on November 7, 2022. Dkt. No. 17. Plaintiff filed an amended complaint on December 26, 2022, Dkt. No. 24, and attempted unsuccessfully to serve that amended complaint in late December 2022 and early January 2023, Dkt. Nos. 33–38. At a conference on February 10, 2023, the Court ordered Plaintiff to move for a default judgment by March 20, 2023 and set a hearing on the motion for a default judgment for March 30, 2023.

Plaintiff avers that service of process has proved particularly difficult. Dkt. No. 39 ¶ 4. When Plaintiff sent the process server back to the 28 East 167th Street address, the process server reported that the business was no longer there. *Id.* ¶ 5. When Plaintiff's counsel called

the telephone number for the Justine Restaurant at 28 East 167th Street in the Bronx, an employee answered and reported that the restaurant was open but that its address had changed to 40 East 167th Street. *Id.* ¶ 7. That information was consistent with that provided by Plaintiff herself who reported that the Justine Restaurant had recently burned down and moved next door to 40 East 167th Street. *Id.* ¶ 8. However, when the process server went to the 40 East 167th Street address, an employee at that restaurant reported that it was "El Justine" and that it was not affiliated with Defendants. *Id.* ¶¶ 9, 11. A manager stated that he did not know Defendants and that El Justine was a new restaurant that had been recently purchased. *Id.* ¶ 12. New York City business license records do not reflect a restaurant at the 40 East 167th Street address using the names "Justine" or "Anyelisa." *Id.* ¶ 13. As a result, Defendants have not been served with the amended complaint. The requested discovery would be limited to any records related to the business entity behind the El Justine restaurant, any sale that may have occurred between Justine and El Justine, and a Rule 30(b)(6) deposition of a representative who can testify about the entities as well as the sale of any assets. *Id.* ¶ 17. Plaintiff's motion is granted in part. Plaintiff may serve a subpoena for documents and the date for the filing and service of the motion for a default judgment (as well as service of the amended complaint) is adjourned. However, the Court denies the motion for a deposition without prejudice to that motion being renewed at a later date.

Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." Fed. R. Civ. P. 26(d)(1). Courts grant such orders according to "a flexible standard of reasonableness and good cause." *Strike 3 Holdings, LLC v. Doe*, 2019 WL 5459693, at *1 (S.D.N.Y. Oct. 9, 2019) (internal quotation marks and citation omitted). The Second Circuit has held that there are five principal factors a court should consider when deciding whether a party has established good cause for purposes of Rule 26(d)(1):

> (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, . . . (2) [the] specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) [the] need for the subpoenaed information to advance the claim, . . . and (5) the [objecting] party's expectation of privacy.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (alterations in original) (quoting *Sony Music Ent. Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 564–65 (S.D.N.Y. 2004)); *see Strike 3 Holdings, LLC v. Doe*, 2023 WL 123205, at *1 (S.D.N.Y. Jan. 6, 2023).

Those standards are satisfied with respect to the request for documents. The amended complaint is well-pleaded and makes a prima facie showing of actionable harm. Much as is the case when a plaintiff sues a "John Doe" defendant, Plaintiff has suffered a cognizable harm but cannot sufficiently identify the current identity of the person who inflicted that harm to ensure that papers are properly served and to ensure that if she is able to obtain a judgment she could recover on it.[1] For those same reasons, the subpoenaed information is needed to advance her

---

[1] It may be that Plaintiff can effect service of the amended complaint and a motion for a default judgment by mailing those papers to the 28 East 167th Street address or leaving the papers with

claims.  Finally, her request for documents is specific and she has demonstrated that there is no alternative means to obtain the subpoenaed information.[2]  The request for a deposition is denied without prejudice: the requested documents may demonstrate either that El Justine is a d/b/a for Defendants or may help Plaintiff identify an alternative address at which to serve Defendants.  In that event, there would be no need for a deposition.  The request for an adjournment of the deadline to serve the motion for a default judgment is granted as is the request for an extension of time to serve papers.  Good cause has been shown.  The Court will hold a telephonic status conference on the matter to schedule a new date for the filing of a motion for a default judgment on April 7, 2023 at 2:00 p.m.

       The motion is GRANTED in part and DENIED in part.

       SO ORDERED.

Dated: February 24, 2023
       New York, New York

                                               LEWIS J. LIMAN
                                            United States District Judge

---

the court clerk.  *See* Fed. R. Civ. P. 5(b)(2).  The Court need not address those issues now.  If Plaintiff obtained a default judgment through these means, the Court would have authority to permit the requested subpoena by way of post-judgment discovery.  *See* Fed. R. Civ. P. 69(a)(2).
[2] There is no objecting party.